IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN KARL,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.
_____

Civ. No. 3:13-cv-01245-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Steven Karl brings this action for judicial review of the Commissioner's decision denying plaintiff's application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff seeks benefits as of December 1, 2008 from disability resulting from chronic obstructive pulmonary disease (COPD), scoliosis, anxiety disorder, panic disorder, and myofascial pain syndrome. The administrative law judge (ALJ) determined plaintiff is not disabled. TR 22.[1] Plaintiff argues that the ALJ erred by failing to provide germane reasons for

---

[1] "TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

1 – OPINION AND ORDER

rejecting third party lay testimony. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*.

At step two, the ALJ found that plaintiff's thoracic spine degenerative disease, COPD, anxiety, and alcoholism interfere with plaintiff's ability to perform basic work activities on a

2 – OPINION AND ORDER

regular and continuous basis and qualify as severe impairments. TR 15. She also found that plaintiff's sleep apnea and depression were non-severe impairments. *Id.*

At step three, the ALJ determined that none of the plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1. TR 16. Between steps three and four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work defined in 20 C.F.R. § 404.1567(b), and that plaintiff should avoid concentrated exposure to dust, fumes, odors, gases, poor ventilation and hazards. TR 17.

At step four, the ALJ determined that plaintiff was unable to engage in any of his past relevant work. At step five, she found that there were jobs that existed in significant numbers in the national and regional economy that plaintiff was capable of performing, specifically the occupations of production assembler and office helper. TR 22. The ALJ thus concluded that plaintiff was not disabled as defined by the Social Security Act.

Plaintiff argues that the ALJ erred in rejecting the third party statements of his wife and former co-workers because she gave no germane reasons for doing so in her determination. However, substantial evidence supports the ALJ's decision not to give significant weight to this testimony.

An ALJ, in determining a claimant's disability, must give full consideration to the lay testimony of friends and family members. *Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000). Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citation omitted). Competent lay witness testimony cannot be disregarded without

3 – OPINION AND ORDER

comment; however, the ALJ is not required to discuss every witness's testimony on an individualized basis. *Molina v. Astrue*, 674 F.3d 1104, 1114, (9th Cir. 2012).

The ALJ provided germane reasons for not affording significant weight to the lay witness statements of plaintiff's wife. The ALJ afforded some weight to the statement, but rejected the portions that were inconsistent with plaintiff's daily activities and his medical records. TR 20. Mrs. Avery-Karl testified that plaintiff has difficulty with physical activities and completing tasks and chores due to the pain he experiences. TR 196. However, plaintiff reported that he performs housework, yard and garden work, walks his dogs, and occasionally uses an elliptical machine despite his back pain. TR 199-201. Additionally, the medical records show that plaintiff's back impairment is not so severe as to prevent him from performing most daily tasks. TR 344.

Plaintiff's wife also reported that plaintiff takes daily naps that last two-three hours. TR 66. This is directly contradicted by plaintiff's sleep profile, which reports no scheduled naps per day and only rare unexpected naps. TR 350. An inconsistency between a claimant's activities and a lay's witness's statement is a specific, germane, and sufficient reason to discredit the lay witness. *Carmickle v. Comm'r Soc. Sec. Admins.*, 533 F.3d 1155, 1163-64 (9th Cir. 2008). Thus, in evaluating the lay witness evidence, the ALJ provided germane reasons for not accepting the severity of the plaintiff's limitations as advanced by Mrs. Avery-Karl.

Additionally, the ALJ did not err in rejecting the lay witness testimony of plaintiff's former employer and plaintiff's co-worker. In rejecting evidence, the ALJ must only explain the rejection of "significant probative evidence." *Vincent ex rel Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). These lay witness statements indicated that plaintiff would be unable to perform his past relevant work, but did not provide any additional evidence regarding his ability

to work different jobs in the future. TR 237-238. Since the ALJ specifically found that plaintiff could not perform his past relevant work at step four, the lay witness statements were non-probative and the ALJ did not have to address their observations in her decision. 739 F.2d at 1395. Further, even assuming the ALJ erred, any error was harmless as the lay witness testimony did not present any limitations beyond those raised by Mrs. Avery-Karl and plaintiff himself, which the ALJ discussed and rejected. *See Molina v. Astrue*, 674 F.3d at 1122.

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 10th day of June, 2014.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge